# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOHN DELCO**                                                                                  **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO.   3:16-CV-933 HTW-LRA**

**UNITED STATES OF AMERICA**                                   **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John Delco, federal prisoner # 25064-034, sued the United States of America ("USA") alleging damages due to injuries he sustained while on his inmate work assignment at the Federal Correctional Complex ["FCC"] at Yazoo City, Mississippi. He initially sued three federal employees, Dr. Anthony Chambers, Clinical Director at FCC-Yazoo, Nurse Practitioner Erica Micou, and Erica Porter [10], for the medical treatment he received after he was injured.   He later amended to sue the USA under the Federal Tort Claims Act ["FTCA"], 28 U.S.C.§§ 1346, 2671-80 [36].   Before the Court is Defendant USA's Motion to Dismiss for Lack of Subject Matter Jurisdiction [43], wherein the USA asserts that Delco's claims of negligent medical care are compensable exclusively under the Inmate Accident Compensation Act, 18 U.S.C. § 4126 [hereinafter "IACA"].   Accordingly, this Court is without jurisdiction over the claims Delco seeks to bring under the FTCA.   For the reasons that follow, the undersigned recommends that the motion be granted and that this case be dismissed.

Delco contends that on March 25, 2015, he was unloading laundry bags at the prison when he felt something "pop" in his lower back. Amended Complaint [36, p. 3]. He was treated at the medical unit the next day, March 26, and given pain medications. An x-ray was taken, and he was advised by the technician that he had a pulled muscle. He was given a medical convalescence status and provided a wheelchair.  Delco returned to work on April 6, 2015, even though he still felt some discomfort due to what he believed was a pulled muscle.  He fell at work on July 17, 2015, and was diagnosed at that time with degenerative disc disease.  X-rays were taken, and he was prescribed pain medications and a wheelchair.  He returned to work on August 3, 2015, but again felt severe pain on August 14, 2015.  An M.R.I. was taken on August 24, 2015.  According to Delco, this MRI revealed the need for back surgery; the pulled muscle diagnosis was incorrect.  He was treated with various pain medications after that until he underwent back surgery on December 10, 2015.  Delco charges that Defendant failed to provide him with the needed medications, the needed rehabilitation, and that they failed to house him in a B.O.P. medical facility.  He contends that he suffers from serious neurological disorders from the surgery, with life-long paralysis, as well as permanent numbness and shaking of his leg [36, p. 5].  He charges Defendant with deliberate indifference towards his medical needs.

Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that this Court has no subject matter jurisdiction over Delco's claims. In support, it attached the Declaration of R. Patrick Russ [43-1], certifying the BOP's records regarding Delco's injury, along with the pay area detail report.

## DISCUSSION

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances, including (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The burden of proof is on the party asserting jurisdiction, but the motion should be granted only if it appears certain that plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Id.*; *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion under rule 12(b)(6). *In re Mirant Corp.*, 675 F.3d 530, 533 (5th Cir. 2012).

Delco filed his Complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674. Under the FTCA, the United States waives its sovereign immunity "for certain

torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); 28 U.S.C. §1346(b). It permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b); 2674).

However, as Defendant points out, the FTCA does not apply in Delco's case. In *United States v. Demko*, 385 U.S. 149 (1996), the United States Supreme Court held that a prisoner's exclusive remedy for a prison work-related injury is the Federal Bureau of Prisons' Inmate Accident Compensation Act [IACA], which is codified at 18 U.S.C. § 4126. The Fifth Circuit has followed this precedent, holding that 18 U.S.C. § 4126 is the "exclusive remedy for a federal prisoner injured while working, regardless of allegations of governmental negligence." *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980)(Unit B). The Fifth Circuit further stated that "the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." *Id.*

In this case, it is undisputed that the Plaintiff's initial injury occurred while he was on his job in the laundry department at the FCC-Yazoo. Delco does not dispute this fact, and the injury report and prison records [43-1] confirm that the injury occurred on the job. As a result of the accident, the Plaintiff was approved for compensation under the IACA and received compensation for lost time and wages [43-1, pp. 3-5]. Therefore, his exclusive remedy lies with the IACA, and not with this Court. The Court is deprived of

4

jurisdiction over any FTCA claim based on Delco's work-related injuries. *United States v. Cole*, 376 F.2d 848, 849 (5th Cir. 1967) (citing *Demko,* 385 U.S. 149); *see also Walker v. Reese*, 364 F.App'x 872, 876 (5th Cir. 2010) (the court lacks jurisdiction over FTCA claim because the Inmate Accident Compensation is exclusive remedy for prisoner against the government).

The IACA is also the exclusive remedy for inmates who are seeking compensation for alleged improper medical treatment of work-related injuries, such as Delco's claims of negligent medical care. See *Thompson v. United States*, 495 F.2d 192, 293 (5th Cir. 1974) (inmate barred from litigating under FTCA for negligent medical care because the original injury was work related and compensable under IACA). Delco contended that both Dr. Chambers and nurse Coleman provided inadequate medical care to him when treating him for herniated discs and pinched nerves after his fall at the laundry. According to Delco, this treatment caused him further damage, including paralysis. He alleges that the medical staff failed to provide timely diagnostic testing, proper pain medication, and correct diagnoses of his injuries. But Delco is barred from being compensated for any improper medical treatment because his initial injury was work-related. Defendant cites the *Thompson* case as controlling on this issue, as well as *Ramirez v. Duteil*, 45 F.App'x 318 (5th Cir. 2002), and *Bassil v. Fed. Bureau of Prisons*, 2017 WL 469561, at *1 (S.D. Miss. Feb. 3, 2017). It also cites cases from other circuits compelling the same ruling [44, pp. 6-7]. The undersigned agrees that the cases compel a conclusion that Delco's exclusive remedy for his claims of improper or negligent

medical care is the IACA, not the FTCA.   This Court has no jurisdiction to hear those claims.

Delco filed a response [45] and argued that the case of *Wooten v. United States*, 825 F.2d 1039 (6th Cir. 1987), provided that he could recover for work-related injuries and negligent medical care.   He also alleged that he had properly exhausted his FTCA notice requirements and should be allowed to proceed.   As Defendant points out, the *Wooten* holding is not applicable in Delco's case.   That court confirmed that the IACA is the exclusive remedy for work-related injuries, even if subsequently aggravated by negligence and malpractice on the part of prisoner officials.   *Id*. at 1044 (citing *Thompson*, 495 F.2d at 193).   The prisoner in *Wooten* alleged that he had been forced to perform nonwork-related tasks and failed to receive proper medical care for those injuries.   He was allowed to go forward only as to the claims for nonwork-related injuries.   In the case now before the Court, Delco only contends that he was injured on his job and that he received negligent medical care for those injuries.   The *Wooten* case is not applicable to the facts in Delco's case; the *Thompson* case requires dismissal.

Although Delco specifically states that his Complaint is filed pursuant to the FTCA, he also contends that his Eighth and Fourteenth Amendment rights were violated by Defendant's alleged repeated deliberate indifference to his serious medical needs [36, p. 1].   As pointed out by Defendant, Congress has not waived sovereign immunity for constitutional-tort claims against the United States.   *See Myer*, 510 U.S. at 478.   This Court lacks subject-matter jurisdiction over constitutional-tort claims under the FTCA.

In the opinion of the undersigned, this Court lacks subject matter jurisdiction to consider the case before it.   For this reason, the Defendant's Motion to Dismiss [43] should be granted and this case dismissed with prejudice.   A Final Judgment should be entered.

In accordance with Local Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* and 28 U.S.C. § 636, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation.   The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendation contained within this Report and Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.   28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 15th day of January 2019.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE